IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JEFFREY COURTJAY JACKSON**                          **PLAINTIFF**

**V.**                          **NO: 3:22-cv-064-M-JMV**

**CASSANDRA SHAW, ANDREW T.**                          **DEFENDANTS**
**SANDERS, AND PLANTERS BANK**

**ORDER**

    Before the Court is Defendants Planters Bank & Trust Co. ("Planters Bank") and Andrew T. Sanders' ("Sanders") (collectively, the "Defendants") Motion to Dismiss. [17]. Defendants filed this motion pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Plaintiff Jeffrey Courtjay Jackson ("Jackson") has filed a Reply in Opposition to Defendant's Motion to Dismiss. [21]. Having reviewed the submissions, along with relevant authorities, the Court is now prepared to rule.

**Factual Background**

    On August 17, 2021, Jackson signed a contract to open a banking account with Planters Bank. While opening the account, Jackson submitted a signature card that included his full name. He also inserted the phrase "UCC 207/1-308 w/o prejudice." The Court notes that "207" refers to a section under the Uniform Commercial Code formerly known as UCC § 1-207, which contains language identical to UCC § 1-308. Jackson returned to Planters Bank on January 13, 2022, to add another signature to apparently multiple accounts. During this visit, Jackson again added "UCC 207/1-308 w/o prejudice" to his signature cards. Jackson included "UCC 207/1-308 w/o prejudice" under the belief that the phrase protected him from unknowingly giving up his rights by agreeing to specific contract terms.

1

Planters Bank Operations Officer, Cassandra Shaw, informed Jackson by letter dated January 20, 2022, that the bank could not accept the signature cards with the addition of "UCC 207/1-308 w/o prejudice" because bank policy did not "allow any signatures or amendments" to account agreements that "either change[d] or attempt[ed] to change" the terms and conditions of the account. The letter also stated that Jackson needed to sign new signature cards without any alterations by February 18, 2022, if he wished to maintain his accounts with Planters Bank.

Jackson responded by requesting an investigation into Planters Bank by the Federal Deposit Insurance Corporation ("FDIC") and insisted that his accounts remain open. Planters Bank Executive Vice-President and Chief Administrative Officer Andrew Sanders responded to the FDIC complaint by letter dated February 22, 2022, notifying Jackson that Planters Bank would not change the standard terms and conditions of the account agreement. Further, Sanders stated that if Jackson wished to keep his account active, then he must sign new signature cards by March 24, 2022, without the "UCC 207/1-308 w/o prejudice" addition.

Jackson responded by letter dated March 10, 2022, stating the purpose of the "UCC 207/1-308 w/o prejudice" addition is to allow him to "accept contract terms without risk to [his] other rights." Sanders responded to the March 10 letter with a letter dated March 16, 2022, stating that Planters Bank believed the "UCC 207/1-308 w/o prejudice" addition could either alter the standard terms and conditions of the contract or indicate that Jackson was not willing to be bound by the standard terms and conditions. Sanders reiterated the bank's request for Jackson to provide new signature cards, again informing Jackson that failure to do so would result in the closing of Jackson's accounts.

In a letter dated March 21, 2022, Jackson indicated that he believed he had sufficiently reserved his rights with the "UCC 207/1-308 w/o prejudice" addition and that he did not agree to

having his accounts closed. Since Jackson failed to meet Planters Bank's request for new signature cards, the bank notified Jackson by letter dated March 24, 2022, that his accounts were closed and all remaining funds would be returned to Jackson.

In his Complaint [1], Jackson alleged subject matter jurisdiction under 18 § U.S.C. 1331 Federal Question for a right protected by the Fourteenth Amendment. Specifically, Jackson claims Defendants violated his rights under the Due Process Clause by refusing to honor his signature with the "UCC 207/1-308 w/o prejudice" addition.

In their motion, Defendants urge that Plaintiff's claims should be dismissed because the Complaint failed to assert state action by either Defendant sufficient to establish a cause of action for a Fourteenth Amendment violation. Further, Defendants argue that the Court should decline to exercise supplemental jurisdiction over any claims arising under state law.

**Standard**

In order to survive a Rule 12(b)(6) motion, the plaintiff's complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In a Complaint, a plaintiff is obligated to provide grounds showing entitlement to relief that goes beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 545. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. The Fifth Circuit accepts all well-pleaded facts in the pleading stage as true and will view those facts "in the light most favorable to the plaintiff." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

The facts alleged must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is

3

required to identify pleadings that, because they are no more than mere conclusions, are not entitled to the assumption of truth. *Id*. at 664. Legal conclusions are necessary to provide the framework of a complaint, but "they must be supported by factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. This standard of pleading is necessary "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Dismissals for failure to state a claim under Rule 12(b)(6) concerning pro se plaintiffs are typically disfavored by the courts. *Dierlam v. Trump*, 977 F.3d 471, 479 (5th Cir. 2020). It is the duty of the trial judge to hold pro se complaints to less stringent standards than proper pleadings drafted by lawyers. *Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976). "[A] pro se complaint should not be dismissed merely because the plaintiff fails to articulate the correct legal theory." *Robertson v. Burger King, Inc.*, 848 F. Supp. 78, 79 (E.D. La. 1994). Instead, the Court is obligated to review the complaint to determine if the facts alleged "support a claim for relief under any possible legal theory." *Id*. But "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## Discussion

I. **Fourteenth Amendment Claim**

The Fourteenth Amendment provides, in part, that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. In

the case of a nongovernmental private defendant, a plaintiff must show that the defendant's conduct can be characterized as "state action" to sufficiently allege a Fourteenth Amendment violation. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Further, 42 U.S.C. § 1983 protects individuals from deprivations of a right protected by the Due Process Clause of the Fourteenth Amendment "if the deprivation occurs 'under color of state law.'" *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

In causes of action concerning the deprivation of an individual's due process rights, the Fourteenth Amendment's "state action" requirement and § 1983's "under color of state law" requirement collapse into a single inquiry. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). In order to satisfy the "under the color of state law" requirement, a plaintiff must prove that the conduct allegedly connected to the constitutional right deprivation is "fairly attributable to the State." *Lugar*, 457 U.S. at 937. The Court in *Lugar* set out two requirements a plaintiff must show in order to prove "fair attribution:"

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible… Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*Id*. Since Jackson alleged a violation of his due process rights against nongovernmental private individuals, the Court must apply this two-part test.

Under the first *Lugar* requirement, Jackson must show that his deprivation of constitutional rights was caused by state action. Here, the Court finds no reason to believe that Defendants' conduct can be considered state action. The alleged conduct is the subject of a private bank's day-to-day business dealings. Planters Bank sets out private agreements with its customers concerning opening deposit accounts. These agreements include certain terms and conditions, including a

5

valid signature card requirement. This is evidence of a private agreement that both parties have the right to terminate.

Under the second *Lugar* requirement, Jackson must show that the Defendants may fairly be said to be a state actor. The Fifth Circuit has identified the "nexus or joint action test" as one of the tests for determining whether a private party can fairly be said to be a state actor. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241-42 (5th Cir. 1999). Under the joint action test, "state action may be found where the government has so far insinuated itself into a position of interdependence with the private actor that it was a joint participant in the enterprise." *Id*. (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974).

Here, even if the Court determined that Jackson satisfied the first *Lugar* requirement, the Court cannot find that the Defendants may fairly be said to be a state actor. Planters Bank and Sanders are not considered to be individuals acting on behalf of the State. Sanders is a nongovernmental private citizen working for a private corporation (Planters Bank). While the federal government has regulated the banking industry, Jackson fails to prove in his allegations that the agreement at issue was a traditional governmental function that the State had surrendered to a private party.

Thus, Jackson has failed to sufficiently allege enough facts to state a Fourteenth Amendment claim to relief that is plausible on its face.

**II.    State Law Claims**

Remaining before the Court is the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(1). Specifically, the Defendants move the Court to decline exercising supplemental jurisdiction over potential state law claims. In a case such as this one, where all federal claims are

6

dismissed prior to trial, 28 U.S.C. § 1367(c)(3) grants this Court discretion to decline to exercise supplemental jurisdiction over the remaining state law claims.

In the Fifth Circuit, the "general rule" is that "courts should decline supplemental jurisdiction [over state law claims] when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). The Court notes that § 1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction [if] (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The four § 1367(c) factors are thus listed in the disjunctive, which means that only one of them needs to be met in order to grant a district court discretion to decline to exercise supplemental jurisdiction. Federal law also requires consideration of the "common law factors [of] judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, (1988).

The statutory factors, as well as the *Cohill* considerations, support declining to exercise supplemental jurisdiction in this case. Regarding the first § 1367(c) factor, the Court concludes that any claims Jackson may have against the Defendants involve at least potentially difficult issues of state law which are of local, rather than federal concern. Jackson wishes to order the Defendants to reopen his bank accounts and recognize his addition to his signature card. This may give rise to potential contract claims best suited for state court. Regarding the second § 1367(c) factor, the Court concludes that the potential state law claims predominate in this case because this fact pattern is a contract dispute between a private Mississippi bank and a Mississippi resident.

7

Finally, regarding the *Cohill* considerations, the Court concludes that consideration of fairness supports declining to exercise supplemental jurisdiction. The Court believes that Jackson should be allowed to have his day in court, but the federal courts do not have subject matter jurisdiction over the claims. Thus, this Court concludes that multiple § 1367(c) factors support declining to exercise supplemental jurisdiction over this case.

## Conclusion

**ACCORDINGLY**, the Defendants' Motion to Dismiss [17] is **GRANTED**. Plaintiff's claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 28th day of June, 2022.

    /s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**